ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 APR -3 P 1: 52
CLERK JBurton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREGORY O'NEAL GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-011 |
| | ) | |
| CHARLES FLOURNOY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, who was an inmate at the Jefferson County Correctional Institution ("JCCI") in Louisville, Georgia at the time he commenced this action, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i) & (ii).

### I. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Charles Flournoy, an officer at JCCI, and (2) JCCI itself. (Doc. no. 1, pp. 1, 4.) In the markedly brief statement of his claim, Plaintiff alleges that, while he was incarcerated at JCCI on December 4, 2012,

"Sergeant Gaines," who is not named as a Defendant here, instructed Defendant Flournoy to drive Plaintiff to a doctor's appointment. (Id. at 4.) Plaintiff alleges that, upon being so instructed, Defendant Flournoy said, "[You] don't pay me enough to be taking inmates places." (Id.) Plaintiff next alleges that, while he and Defendant Flournoy were walking to Defendant Flournoy's van, Defendant Flournoy told Plaintiff that he "[wasn't] taking [him] nowhere," that Plaintiff responded that Defendant Flournoy was taking him to his doctor's appointment "no matter what," and that Defendant Flournoy then said that he would "beat [Plaintiff's] ass and take [him] to the hold." (Id. at 4-5.) Plaintiff alleges that Defendant Flournoy then "intentionally put the handcuffs and leg irons on [too] tight" and "drove recklessly, accelerating and braking excessively to intentionally cause [bodily injuries]." (Id. at 5.) Plaintiff alleges that he injured his neck and upper back due to Defendant Flournoy's driving and that, upon his return to JCCI, he explained to a nurse what had happened and was given some ibuprofen. (Id.) Plaintiff alleges that the nurse "checked [his] injury" again two days later, but that his neck and upper back continued to hurt. (Id.)

In his request for relief, Plaintiff seeks monetary damages as well as the discharge of Defendant Flournoy "from all Guidance and Safety of all Inmates." (Id.) Plaintiff also requests that Defendant Flournoy be charged with terroristic threats, assault by vehicle, and reckless driving.

## II. DISCUSSION

### A. No Claim for Excessive Force

To the extent that Plaintiff intends to bring a claim for excessive force against Defendant Flournoy based on his allegations that Defendant Flournoy attached his handcuffs and leg irons too tightly and drove recklessly so as to cause him injury – which is altogether

2

unclear from Plaintiff's complaint – the Court finds that Plaintiff has failed to state a viable claim under § 1983. "The Eighth Amendment's proscription of cruel and unusual punishments also governs prison officials' use of force against convicted inmates." Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). Excessive force claims are evaluated under a two-prong test, which involves an objective and a subjective element.

First, based on an objective standard, Plaintiff must allege facts demonstrating that he suffered a "sufficiently serious" deprivation that was harmful enough to establish a constitutional violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Although there is no requirement that a plaintiff suffer significant injury, "'*de minimis*' uses of physical force" are beyond constitutional recognition, provided that the use of force is not of a sort "repugnant to the conscience of mankind."[1] Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). As a result, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." (quoting Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973))). Indeed, the Supreme Court has specified that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 130 S. Ct. 1175, 1178 (2010) (*per curiam*); see also Gold v. Miami, 121 F. 3d 1442, 1446 (11th Cir. 1997) (holding that officer did not use excessive force even though plaintiff experienced pain and minor skin abrasions from handcuffs that were applied tightly for twenty minutes).

---

[1] Notably, however, the absence of injury alone is not a sufficient basis upon which to dismiss an Eighth Amendment claim. Hudson, 503 U.S. at 4-7.

3

Regarding the subjective prong, Plaintiff must allege facts demonstrating that the actions taken involved the unnecessary and wanton infliction of pain. See Whitley v. Albers, 475 U.S. 312, 319 (1986). The subjective element requires consideration of "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 7); Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996).

Here, Plaintiff's sole allegation of force regarding Defendant Flournoy is that he applied Plaintiff's handcuffs and leg irons too tightly and then drove recklessly so as to cause Plaintiff injury. (Doc. no. 1, p. 5.) Notably, Plaintiff alleges no discernible injury whatsoever stemming from the handcuffs and leg irons. (Id.) As to his allegation concerning Defendant Flournoy's driving, Plaintiff simply alleges that, because of that drive, he has experienced neck and back pain. (Id.) Neither allegation provides any indication that Defendant Flournoy applied more than *de minimis* force, if indeed he applied any force at all. Compare Hudson, 503 U.S. at 9-10 (finding officials applied more than *de minimis* force by inflicting severe beating resulting in bruises, swelling, loosened teeth, and cracked dental plate), with White v. Holmes, 21 F.3d 277, 280-81 (8th Cir. 1994) (finding officer only applied *de minimis* force by swinging keys at inmate and slashing his ear), and Roberts v. Samardvich, 909 F. Supp. 594, 604 (N.D. Ind.1995) (finding officer only applied *de minimis* force by grabbing inmate, pushing him up stairs, and securing him in cell). Defendant Flournoy's alleged reckless driving clearly fails to even approach the circumstances under which courts have found a use of more than *de minimis* force. As a result, Plaintiff's allegations fail to satisfy the objective element of his attempted excessive force claim against

4

Defendant Flournoy. See Wilkins, 130 S. Ct. at 1178 (indicating that a bare allegation of that an official pushed or shoved an inmate is insufficient to state a viable excessive force claim). In light of Plaintiff's clear failure to satisfy the objective prong of the test for demonstrating a viable claim for excessive force, the Court need not address the subjective prong.

In sum, Plaintiff's complaint fails to state a claim for excessive force upon which relief may be granted against Defendant Flournoy.[2]

### B. No Claim Against Defendant JCCI

Next, Plaintiff's allegations are insufficient to state a claim against JCCI, which is not subject to liability in a § 1983 suit such as this one. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located. . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real

---

[2]Although the Court need not address the issue in great detail given the other stated grounds for recommending the dismissal of Plaintiff's complaint, it is clear from the complaint the Plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit. Therefore, the complaint would therefore be subject to dismissal on that ground alone. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Here, Plaintiff filed an informal grievance on December 4, 2012, received a response to that grievance on December 12, 2012 (doc. no. 1, p. 3), and then signed and submitted the instant complaint two days later on December 14, 2012 (id. at 6). Plaintiff's vague and entirely unsupported allegation that he was "threaten[ed] to be transferred to another prison when [he asked] for a grievance" is simply insufficient to excuse his failure to continue past the first step of the administrative process, especially where, as here, he has provided no indication that the alleged threats actually dissuaded him from grieving or that he suffered any adverse consequences whatsoever as a result of those alleged threats. (Id. at 2.)

plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Plaintiff has not shown, and the Court is not aware of, any applicable precedent for recognizing a county correctional institution as an entity capable of being sued for violation of § 1983, and other federal courts in Georgia confronted with similar suits have determined that jails, prisons, and county detention centers are not legal entities subject to liability in § 1983 claims. E.g., Sebastian v. Maynard, 2010 U.S. Dist. LEXIS 86017, at *4 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett County Det. Ctr. Med. Admin. Med. Doctors, 2009 U.S. Dist. LEXIS 71419, at *2 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). In accordance with these decisions and Plaintiff's failure to show that JCCI is subject to a § 1983 suit, the Court finds that JCCI is not subject to liability for any of the allegations in Plaintiff's complaint. Plaintiff has therefore failed to state a claim against Defendant JCCI, and it should be dismissed from this case.

### C. Plaintiff Cannot Initiate Criminal Proceedings Through Civil Suit

Finally, Plaintiff's requests that Defendant Flournoy be charged with terroristic threats, assault by vehicle, and reckless driving (doc. no. 1, p. 5) represent an impermissible request for the Court to initiate criminal proceedings against Defendant Flournoy. The law is well settled that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987)

(citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted). Therefore, Plaintiff's assertion that Defendant Flournoy should be prosecuted for his alleged conduct fails to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 3 day of April, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE